**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13–cv–02942–RM–KMT

MANUEL AGUINA-ARREOLA,

     Petitioner,

v.

ERIC HOLDER JR., *et al.*,

     Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner Manuel Aguina-Arreola's Application for Writ of Habeas Corpus (ECF No. 1)[1] (the "Application"), as well as Petitioner's Motion for Injunction (ECF No. 15). In light of the facts underlying the Government's Supplement to Response to Order to Show Cause (ECF No. 14), this Court finds that Mr. Aguina-Arreola's Application, as well as his Motion for Injunction, should be denied.

**I.  Background**

Mr. Aguina-Arreola is a native and citizen of Mexico. (ECF No. 14-1.) He was admitted into the United States at El Paso, Texas in 2000 as a lawful permanent resident. (ECF No. 12-2 at 2.) He pleaded guilty under Colorado law to Possession of a Schedule V Controlled Substance and was sentenced to a year of probation on February 24, 2010. (ECF No. 12-1). On December 13, 2012, the Office of Immigration and Customs Enforcement ("ICE") took Petitioner into custody. Since that time, he has been detained, and the Government represents that he is

---

[1] Throughout this Order, references to documents and pleadings from these proceedings shall be referred to by electronic case management docketing number, as such: ECF No. __. As for documents filed with attachments, the attachments will be referenced as such: ECF No. 1-1, to signify the first attachment to Document 1.

currently being held at the Denver Contract Detention Facility.[2]  (ECF No 12 at 1.)  On July 5, 2012, the Immigration Judge found Petitioner removable and ordered him removed.  (ECF No. 12-3.)  Petitioner timely appealed that decision to the Board of Immigration Appeals.

Mr. Aguina-Arreola filed the Application on October 28, 2013.  (ECF No. 1.)  On December 5, 2013, he filed a Motion for an Injunction.  In each, he contends that he is not subject to mandatory detention under Immigration and Nationality Act (INA) § 236, 8 U.S.C. § 1226(c).  He further claims that his detention without an individualized bond hearing violated his due process rights under the United States Constitution.

On November 25, 2013, while this matter was pending, the Board of Immigration Appeals affirmed the Immigration Judge's order of removal.  (ECF No. 14-1.)  The effect of this affirmance is that Mr. Aguina-Arreola's order of removal is now final, and he is now detained under the authority of 8 U.S.C. § 1231(a)(2).

## II. Legal Analysis

### A.   Standard of Review

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal.  *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Mr. Aguina-Arreola is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted);

---

[2] Although called the "Denver Contract Detention Facility" by the Government, the proper reference is to the Aurora Detention Facility, a private facility run by the GEO Group, Inc., which has contracted with ICE.

*see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Applicant's *pro se* status does not entitle him to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.      Detention Under 8 U.S.C. § 1226**

Mr. Aguina-Arreola challenges the Attorney General's[3] authority to detain him under 8 U.S.C. § 1226(c) and the constitutionality of his detention under that statute.  For the reasons discussed below, the Court finds that the claims are moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies.  *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. (internal

---

[3] The Government's initial brief in this matter included a footnote, now *de rigueur* in government briefs on these issues, arguing that "Petitioner has failed to name as a respondent in this matter his 'custodian' under 28 U.S.C. § 2241" and that "[f]ailure to name the proper respondent requires dismissal of the Petition unless the Petition is amended to substitute the proper custodial respondent." (ECF No. 12 at 1.) As an initial matter, Mr. Aguina-Arreola did name his actual custodian—"Mr. Choate"—who is the warden of the Aurora Detention Facility. As to the propriety of the other named respondents, as Mr. Aguina-Arreola's Application is now being dismissed on other grounds, the Court will not address this argument fully herein, but points Government counsel to the thorough analysis of Judge Christine Arguello on the issue of naming the proper respondent in two recent cases, *Sanchez-Penunuri v. Longshore* and *Castillo-Hernandez v. Longshore*. No. 13-CV-02586-CMA-CBS, 2013 WL 6881287 (D. Colo. Dec. 31, 2013); No. 13-CV-02675-CMA-BNB, 2013 WL 6840192 (D. Colo. Dec. 27, 2013). In this case, this Court expressly declines to dismiss Mr. Holder as a respondent or base any part of its holding on this argument. The Government's citation of *Rumsfeld v. Padilla*, 542 U.S. 426, 425 (2004) for the proposition that the Attorney General is not the proper respondent is inaccurate at best, in light of footnote 8 in that decision. The Supreme Court specifically "decline[d] to resolve" the question of "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." *Id*. This Court is forced to conclude that either Government counsel did not read that footnote or chose to ignore it when composing its own footnote suggesting that *Padilla* decided this issue in favor of the proposition being advanced by the government.

quotation marks and citations omitted). A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). *See also Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (internal quotation marks and citation omitted). A federal court may raise the issue of mootness *sua sponte*. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996).

Under certain circumstances not relevant here, 8 U.S.C. § 1226 dictates that the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States ("the pre-removal period").[3] After entry of a final removal order and during the 90-day removal period,[4] the Attorney General's authority to detain a alien arises under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *see also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005). The removal period for Mr. Aguina-Arreola commenced on November 25, 2013, when the order of removal became administratively final.[5] *See* 8 U.S.C. § 1231(a)(1)(B)(i). On that date, the Attorney General's authority to detain Applicant shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot Applicant's claim

---

[3] During the pre-removal period, detention without release on bond is mandatory in certain instances for some criminal aliens. *See* 8 U.S.C. § 1226(c) (1) and (2). The Court need not resolve the issue of whether Mr. Aguina-Arreola was subject to mandatory detention under that statutory provision because, as discussed in the text above, Applicant's challenge to his detention during the pre-removal period is moot.

[4] *See* 8 U.S.C. § 1231(a)(1) (stating that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

[5] An order of removal becomes administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B).

challenging his detention under 8 U.S.C. § 1226.  *See*, *e.g., De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); *Ufele v. Holder*, No. 11-1648, 473 F. App'x 144, 146 (3rd Cir. March 30, 2012) (stating that when BIA's order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Oyelude v. Chertoff*, No. 05-10916, 2006 WL 678670, at *1 (5th Cir. Mar. 16, 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231 . . . .").

At this time, there is no remedy the Court could issue concerning the legality of Mr. Aguina-Arreola's detention during the pre-removal period.  *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").  Accordingly, Mr. Aguina-Arreola's claim challenging to the legality of his detention during the pre-removal period will be dismissed as moot.

**C.  Detention Under 8 U.S.C. § 1231(A)(2)**

Section 1231(a)(2) directs that the Attorney General "shall detain the alien" during the removal period.  8 U.S.C. § 1231(a)(2); *see also De la Teja*, 321 F.3d at 1363 ("The Attorney General unquestionably has the authority to detain [such aliens], and indeed is statutorily required to do so.").  Accordingly, Applicant's current detention under § 1231(a)(2) is authorized by that statute.

The potential constitutional concerns of an alien's indefinite detention under § 1231(a) were addressed by the United States Supreme Court in *Zadvydas*. In that case, the aliens had been ordered removed and were being detained beyond the 90–day removal period pursuant to the Attorney General's authority under § 1231(a)(6). *Zadvydas*, 533 U.S. at 684–86. However, the government could not secure their removal because the designated countries either refused to accept them or did not maintain repatriation agreements with the United States. *Id*. Recognizing that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *id*. at 690, the Court ruled that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized," *id*. at 699. The Court further held that detention lasting six months or less is presumptively reasonable; detention lasting beyond six months requires the government to rebut the alien's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701. However, detention beyond six months does not, by itself, mean that the alien must be released. *Id.*

Under *Zadvydas*, Mr. Aguina-Arreola's detention of less than three months following entry of his final order of removal on November 25, 2013, is presumptively reasonable and does not trigger constitutional concerns. *See, e.g., Novitskiy v. Holm*, 2013 WL 229577, at * 6 (D. Colo. Jan. 22, 2013) (citing *Chance v. Napolitano*, No. 11–50200, 453 F. App'x 535, 536 (5th Cir. Dec. 15, 2011) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post-removal-order-detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002)). Accordingly, the Court finds that Applicant's claim challenging the constitutionality of his

current detention is, at best, premature. The Court denies the challenge. If necessary, Mr. Aguina-Arreola may file a new application after expiration of the six month period.

### III.  Conclusion

For the reasons set forth above, the Court finds that Mr. Aguina-Arreola's Application is moot as to the § 1226(c) claim and premature as to the constitutional claim. Accordingly:

1. IT IS ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant Manuel Aguina-Arreola, is DENIED and this action is DISMISSED WITHOUT PREJUDICE.

2. It is FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. If Applicant files a notice of appeal he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

3. It is FURTHER ORDERED that Applicant's Motion for Injunction (ECF No. 15) is DENIED.

DATED this 10th day of January, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge